IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| NORTHFIELD CENTER DEVELOPMENT, INC.<br>10121 Northfield Road<br>Northfield, Ohio 44067,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NORTHFIELD CENTER TOWNHIP<br>C/O RICHARD H. REVILLE, TRUSTEE<br>9546 Brandywine Road<br>Northfield Center Township, Ohio 44067,<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE<br><br><u>COMPLAINT</u><br><br>(Jury Demand Endorsed Hereon) |

NOW COMES Plaintiff Northfield Center Development, Inc. d/b/a Northfield Development Corp. ("Plaintiff"), and for its Complaint against Defendant Northfield Center Township ("Defendant"), states:

1.　Plaintiff is an active domestic for-profit corporation organized and existing pursuant to the laws of the State of Ohio, and domiciled in Northfield, Ohio.

2.　Defendant is a municipal corporation organized and existing pursuant to the laws of the State of Ohio.

3.　Plaintiff is the owner of real property ("Property") located at in Northfield Center Township, Ohio, on Oakmont Avenue near Old Route 8.

4.　The Property is currently vacant land in what is known as the Oakmont subdivision, consisting of approximately 16 acres, and zoned R-1 for residential single-family homes.

5. Defendant's zoning regulation, Section 310.04 specifically, requires R-1 single-family homes to be located on lots of at least 25,000 sq. ft. in size.

6. On or about September 11, 2018, Plaintiff applied for an area variance pursuant to Defendant's zoning code. A copy of the area variance application is attached hereto as Exhibit 1 and incorporated by reference herein.

7. Plaintiff's variance application requested the 25,000 sq. ft. lot size per planned dwelling be reduced.

8. Plaintiff's variance application cited specifically that the 25,000 sq. ft. lot size, which would provide space for just 12 homes, was uneconomical.

9. On or about November 15, 2018, Defendant's Board of Zoning Appeals conducted a public hearing in connection with Plaintiff's area variance request.

10. Plaintiff provided evidence sufficient to demonstrate that the 25,000 sq.ft. lot size required by Defendant's zoning regulation Section 310.04 rendered the Property's development uneconomical.

11. At the conclusion of the public hearing, Defendant's Board of Zoning Appeals voted to deny the application. A copy of the minutes from the hearing are attached hereto as Exhibit 2, and incorporated by reference herein.

12. On or about November 20, 2018, Rick Patz, Acting Chair of Defendant's Board of Zoning Appeals, signed and sent Plaintiff a letter indicating Plaintiff's area variance application had been denied. A copy of this letter is attached hereto as Exhibit 3 and incorporated by reference herein.

-2-

13. Defendant's zoning regulations, specifically Section 640.06(C), requires the secretary for the Board of Zoning Appeals, Judy Flauto, rather than any other person, to notify an applicant of the Board of Zoning Appeals' action with respect to any kind of variance request, including an area variance.

14. Defendant's failure to comply with its own zoning regulations precludes an administrative appeal as set forth in R.C. 2506 *et seq.* because such an appeal would be futile.

15. Jurisdiction and venue in this Court are appropriate pursuant to Ohio R.Civ.P. 3 because Plaintiff's principal place of business is in Summit County, Defendant is located in Summit County, the acts complained of, in whole or in part, occurred in Summit County, Ohio, and R.C 2721 *et seq.* empowers a court of common pleas to enter declaratory judgments, and the amount in controversy exceeds $15,000.

## COUNT I
(Declaratory Judgment- Ohio Constitution)

16. Plaintiff incorporates the allegations set forth in Paragraphs 1-15 of the Complaint as if fully rewritten herein.

17. A justiciable controversy exists between Plaintiff and Defendant regarding the constitutionality of Defendant's zoning regulations, specifically, Section 310.04, both on its face and as applied to the Property.

18. Defendant's zoning regulation, Section 310.04, requiring 25,000 sq.ft. R-1 single-family home lot sizes fails to advance substantially the safety, morals, and welfare of Defendant's residents.

-3-

19. Uses of the Property pursuant to any permitted or conditional use are not economically viable due to Defendant's 25,000 sq.ft. zoning regulation, specifically Section 310.04, governing the construction of single-family homes, the high cost of improving the Property, and the Property's unique characteristics, all of which make certain that the Property cannot be developed economically.

20. Enforcement of Defendant's current zoning restrictions regarding the 25,000 sq.ft. minimum lot size renders the Property worthless for any economically viable purpose.

21. Plaintiff is entitled to a declaratory judgment by this Court, pursuant to R.C. 2721.03, that the Defendant's denial of the area variance is invalid under the Ohio Constitution because the denial and the underlying regulation are arbitrary, capricious, unreasonable, confiscatory, and unconstitutional as they render the Property economically non-viable.

22. Plaintiff is entitled to a declaratory judgment by this Court, pursuant to R.C. 2721.03, that Defendant's zoning regulation requiring a minimum lot size of 25,000 sq.ft. is invalid under the Ohio Constitution because such regulation, both facially and as applied to the Property, does not advance substantially a legitimate governmental interest in the health, safety, morals or welfare of Defendant's residents.

## COUNT II
(Declaratory Judgment- US Constitution)

23. Plaintiff incorporates the allegations set forth in Paragraphs 1-22 as if fully rewritten herein.

23. Plaintiff is entitled to a declaratory judgment in its favor that present lot size regulation, both facially and as applied to the Property, is invalid under the Fifth and Fourteenth Amendments to the U.S. Constitution because Section 310.04, mandating the 25,000 sq.ft. R-1 lot size, is arbitrary, capricious, unreasonable, confiscatory and unconstitutional because it renders the Property economically non-viable.

24. Defendant's single-family home lot size requirement as set forth in Section 310.04 is also invalid under the Fifth and Fourteenth Amendments to the U.S. Constitution because its does not advance substantially a vital government interest in the health, safety, morals, or welfare of Defendant's residents.

### COUNT III
(Taking)

25. Plaintiff incorporates the allegations set forth in Paragraphs 1-24 as if fully rewritten herein.

26. Defendant's minimum lot size requirement as set forth in Section 310.04 for R-1 residential home lot sizes and its denial of Plaintiff's area variance request constitute a taking for which compensation must be paid in an amount determined by a jury.

WHEREFORE, Plaintiff Northfield Development, Inc. demands judgment in its favor and against Defendant Northfield Center Township, as follows:

1. A judgment pursuant to R.C. 2721 declaring Defendant's zoning regulation Section 310.04, requiring 25,000 sq.ft. R-1 single-home minimum lot sizes, is

invalid and unconstitutional under the Ohio and U.S. Constitutions both facially and as applied to the Property because the regulation is unreasonable, arbitrary, and/or capricious.

2. A judgment pursuant to R.C. 2721 declaring that Defendant's zoning regulation Section 310.04, requiring 25,000 sq.ft. single-family home minimum lot sizes in an R-1 zone, is unconstitutional and invalid under the Ohio and U.S. Constitutions both facially and as applied to Plaintiff's Property because the regulation is does not advance a rational or legitimate governmental interest in the health, welfare, safety or morals of Defendant's residents; and,

3. An award of compensatory damages against Defendant in excess of $25,000, with interest accruing at the statutory rate until paid, the exact amount to be proven at trial for Defendant's taking of the Property in violation of the protections afforded by the Ohio and U.S. Constitutions; and,

4. An award of Plaintiff's costs and attorneys' fees; and,

5. Any other relief this Court deems just and equitable.

*Mark E. Porter*
Mark E. Porter (0072/952)
Law Office of Mark E. Porter, LLC
1180 Bell Road, Suite 5
Chagrin Falls, Ohio 44022-4122
Phone/Fax: (440) 338-1100
E-mail: mp@mporterlaw.com

Attorney for Plaintiff Northfield Center Development, Inc.

## JURY DEMAND

Plaintiff hereby demands trial by the maximum number of jurors permitted by law as to all claims asserted herein.

/s/ Mark E. Porter
Mark E. Porter (0072952)
Attorney for Plaintiff Northfield Center
Development, Inc.

Hearing Date 11-15-18 #1818

# NORTHFIELD CENTER TOWNSHIP

## 9546 Brandywine Road
## Northfield Center Township, Ohio 44067-2408

Phone: (330) 467-7646
Fax: (330) 650-0815
E-mail: townhall@northfieldcenter.com
Web Site: www.northfieldcenter.com

**TRUSTEES**
Paul G. Buescher
Brent A. Sommer
Richard H. Reville

**FISCAL OFFICER**
Andy LaGuardia

**ADMINISTRATOR**
Samuel J. Ciocco

10-18

RECEIVED SEP 11 2018 BY:

## APPLICATION FOR ZONING VARIANCE

Date: 8-15-18

Name of Applicant: Northfield Center Development Inc.

Applicant's Address: 10121 Northfield Rd, Northfield

Address of Property (if different than above): Oakmont  Parcel 40-03037

Property Owner (if different than applicant): _____

Phone Number of Applicant: 330-468-1527

Zoning Classification of Property: _____

Fee $150.00  Check No. CASH  Date Paid 9-11-18  Payment Received by JL

What section(s) of the Northfield Center Township Zoning Resolution was permit denied under: _____

$150.00 CASH JL

Variance being requested and reasons for the request: (Attach separate sheet if necessary)

Reduction from 25,000 feet to the lot sizes. Township reduced the lots to 20,000 feet and this subdivision was started. The lots were then increased to 25,000 feet making this place uneconomical to improve. The original layout would have been 22 lots at 20,000 feet and would be only 12 lots with this plan. There is no viable development that can economically be done with less lots at this size.

PLAINTIFF'S EXHIBIT 1

Sandra Kurt, Summit County Clerk of Courts

If the existing Zoning Resolution is providing practical difficulties or hardship to applicant or owner, what are they: _See previous_

How will the granting of a variance be of benefit to the property owner and the neighborhood: _The development will be a 55 and over community with no children. The remainder of the property will be donated to the Township._

Application must include a site plan of the lot drawn to scale showing the exact dimensions and area of the lot to be built upon or utilized.

Application may also include any letters of support from adjacent property owners.

***Please reference Chapter 640 of the Northfield Center Township Zoning Resolution for further information on variance/appeals procedures at www.northfieldcenter.com or view the Zoning Resolution at the Northfield Center Town Hall.

Signature of Applicant
_Joseph Salemi-Prio_

Date
8-15-18

# NORTHFIELD CENTER TOWNSHIP
## BOARD OF ZONING APPEALS PUBLIC HEARING
### November 15, 2018 – Ledgemont Development

A. **CALL TO ORDER:**

Mr. Rudder moved to re-open the Public Hearing at 7:55 p.m.

Seconded by Mr. Wolff.

Roll Call:
Mr. Patz, aye; Mr. Rudder, aye; Ms. Bielecki, absent; Mr. Christley, aye; Mr. Wolff, aye; Mr. Kaminicki, alternate, absent.

B. **APPLICATION:**

Applicant Northfield Center Development Inc., 10121 Northfield Rd., Northfield, OH, has applied for a Zoning Variance for the development of 12 single family homes on lot sizes less than 25,000 square feet, located on Ledgemont Dr. in Northfield Center.

Mr. Salemi of Northfield Center Development has owned the property since 1990. When the property was purchased, the lot requirement was 25,000 square feet. He applied to BZA for a lot reduction to 20,000 feet for additional phases, with the last phase not completed. Since then, lot size has been changed to 25,000 square feet; not economically feasible for him; lots were laid out according to previous lot size. He wanted the Township to buy the property. Township had property appraised and there was some opposition about buying the property. He also tried to help resolve the drainage issue. A big reason for drainage problems is that the development was never finished. He wants to do a 55 and over adult community. He would donate rest of unused land to the Township.

Mr. Patz asked about the 70 foot wide lot, any possibility to push first 6 lots back to 100 feet.

Mr. Salemi said no because of constraints on developers; he doesn't even want to do this development.

Mr. Christley asked what the size of the homes would be.

Mr. Salemi said 2,000-3,000 square feet.

Mr. Christley asked how Mr. Salemi intends to help the drainage.



Mr. Salemi said there is standing water at the end of the street; ditches were never put in because development was never finished. They were supposed to go back to the retention pond. The detention ponds would have to be 50-100% bigger than when development began.

Jason McRitchie, 59 N. Oakmont asked how Mr. Salemi knows that 12 lots will fit without a Stormwater study.

Mr. Salemi said he can assure that a Stormwater study will be done. He has to meet the new requirements in order to get approval from Summit County Engineer's office and Summit County Soil and Water.

Kim Pelzoci, 152 E. Oakmont wanted to verify that Mr. Salemi wants to go to 70 foot wide lots. She also questioned how Mr. Salemi could make a 55+ development when it backs up to homes with families with kids.

Debbie Wysen, 7515 Skyhaven said that her lot is on the corner of Ledgemont and Skyhaven. She asked why her yard never got taken care of with the water problem when the County was involved the last time this area was looked at.

Mr. Salemi said that he offered easements on either side of the property to the County.

Mr. Patz asked Inspector Saunders to explain what the meeting with the Summit County Engineer's office determined.

Inspector Saunders said that the County wanted to cut through wherever they wanted to. The bigger problem is the drainage that comes down from Hazel Dr. The County didn't want to do anything until they found out that there was no choice but to do the back.

Maria Allanson, 92 E. Oakmont Way was concerned with drainage issues from previous phases of the development. She asked if Mr. Salemi could guarantee that there wouldn't be more problems with more homes going in.

Mr. Salemi said the code is stricter now; drainage wouldn't be a problem.

Mr. Patz said that the County has proposed a Stormwater management program that the Trustees are involved in working on; a ditch petition process was filed with the County. NCT was told there were no funds to follow through with that.

Andy LaGuardia, 7518 Skyhaven reviewed Mr. Salemi's 4 options for the property. He asked if there was a way the County could determine what's allowed on the property.

Don Styblo, 212 N. Oakmont said he has seen a lot of water problems from Brandywine Creek. He wanted to go on record asking to prohibit any new development in the Brandywine Creek Watershed.

Mr. Rudder said that the Township has a zoning code; when a project is proposed, the Zoning Inspector rejects it if it's not within the code. Then the applicant has the option to come before the BZA. The only reason Mr. Salemi is before the BZA now is to ask for an area variance on the size of the proposed lots. He appreciated everyone's comments and concerns, but reminded all that the purpose of the hearing was regarding an area variance.

Mr. LaGuardia asked why lot sizes were changed back and forth in the past.

Mr. Rudder explained that D. B. Hartt was hired to redo the code around 1990. The Trustees adopted the new code effective April 4, 2001. There were significant changes made to the code at that time; he could not address why the lot sizes were changed.

Rob Dalrymple, 7544 Skyhaven felt like the lot sizes should stay the size they are now, not smaller.

Chet Kieliszelz, 224 N. Oakmont said Brandywine Creek is behind him, more buildings create more water problems.

Tom Wizniak, 141 E. Oakmont Way asked how deep the lots were.

Mr. Rudder said they are 200 ft.deep by 70 ft., 4 lots are about that size.

Mr. Wizniak said that the lot size will not affect the water flow. HE was not opposed to a variance being granted.

Mr. Rudder moved to close the Open Session at 8:45 p.m.

Seconded by Mr. Wolff.

Roll Call:
Mr. Patz, aye; Mr. Rudder, aye; Ms. Bielecki, absent; Mr. Christley, aye; Mr. Wolff, aye; Mr. Kaminicki, alternate, absent.

## C.  BOARD OF ZONING APPEALS DISCUSSION:

Mr. Wolff said that when the BZA approved the 8 lot plans, then went to 6, and ended up having an average of 20,000 feet per lot. The BZA would be granting a 20% variance from the original 20,000 square feet. This much of a change is beyond a normal variance for the BZA to grant.

Mr. Rudder asked how it is fair to someone who bought a parcel anticipating the size of the lot would be 20,000 square feet only to have it changed to 25,000 square feet. In 2014, the BZA worked out a plan with Mr. Salemi for 6 lots, 4 of which were slightly over 20,000 square feet and 2 were slightly under. He felt that was in the spirit of the old code and the purpose of the BZA was to grant variances in situations like that. Even with the old code, this would be a significant variance for 8 of the lots and an even bigger variance under the new code; he would not be in favor of granting this variance.

Mr. Christley agreed with Mr. Rudder, he would like to see the same size lots as what is there now.

Mr. Patz agreed with the other members. What was granted in 2014 was attractive; he would not be in favor of what is being proposed now.

Mr. Wolff moved that the request for the variance be denied.

Seconded by Mr. Rudder.

Roll Call:
Mr. Patz, aye; Mr. Rudder, aye; Ms. Bielecki, absent; Mr. Christley, aye; Mr. Wolff, aye; Mr. Kaminicki, alternate, absent.

D. **APPROVAL OF MINUTES:**

1. Mr. Rudder moved to waive the reading and approve the minutes of the Public Hearing of 10/11/18-9425 Olde Eight Rd.

Seconded by Mr. Christley.

Roll Call:
Mr. Patz, aye; Mr. Rudder, aye; Ms. Bielecki, absent; Mr. Christley, aye; Mr. Wolff, abstain; Mr. Kaminicki, alternate, absent.



# NORTHFIELD CENTER TOWNSHIP
### Part of Northfield Township Founded in 1807

9546 Brandywine Road, Northfield Center Township, Ohio 44067-2408

Phone: (330) 467-7646
Fax: (330) 650-0815
Email: townhall@northfieldcenter.com
Web Site: www.northfieldcenter.com

**TRUSTEES**
Richard H. Reville, Chair
Russell F. Mazzola, Vice-Chair
Paul G. Buescher

**FISCAL OFFICER**
Andy LaGuardia
**ADMINISTRATOR**
Steve Wright

November 20, 2018

Mr. Joseph Salemi
Northfield Center Development
10121 Northfield Rd.
Northfield, OH 44067

Mr. Salemi,

At the Public Hearing held on November 15, 2018, you applied for a Zoning Variance for the development of single family homes on lot sizes less than 25,000 square feet, located on Ledgemont Drive in Northfield Center.

This letter is to inform you that your request for a Zoning Variance is denied.

Rick Patz, Acting Chair
Board of Zoning Appeals

Cc: Trustees
Zoning Inspector
BZA Board Members
Property File



Sandra Kurt, Summit County Clerk of Courts